SUSAN B. MEYER (SBN: 204931)
Email: smeyer@gordonrees.com
SEAN D. FLAHERTY (SBN: 272598)
Email: sflaherty@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Plaintiff 5.11, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 5.11, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLAUER MANUFACTURING COMPANY, INC., a Massachusetts corporation,<br><br>Defendants. | CASE NO. '16CV1500 BEN MDD<br><br>**COMPLAINT FOR:**<br><br>**1. Trademark Infringement**<br>(15 U.S.C. § 1114)<br><br>**2. False Designation of Origin**<br>(15 U.S.C. § 1125(a))<br><br>**3. Unfair Competition**<br>(Cal. Bus. & Prof. § 17200)<br><br>**AND JURY TRIAL DEMAND [FRCP 38]** |

Plaintiff 5.11 INC., ("5.11" or "Plaintiff") for its Complaint against Defendant BLAUER MANUFACTURING COMPANY, INC., ("BLAUER" or "Defendant") respectfully alleges as follows:

**Nature of the Action**

1. This is an action for willful violations of 5.11's intellectual property rights, including trademark infringement, false designation of origin, and unfair competition, arising out of Defendant's unauthorized use of the FLEXTECH trademark, which is confusingly similar to 5.11's registered trademark for FLEX-TAC®.

///

## Jurisdiction and Venue

2. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* as well as Cal. Bus. & Prof. § 17200 *et. seq.*

3. This Court has subject matter jurisdiction over 5.11's claims as federal questions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a) and (b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## The Parties

5. Plaintiff 5.11 is California Corporation having a principal place of business at 1360 Reynolds Ave #101, Irvine, California 92614.

6. 5.11creates products that enhance the safety, accuracy, speed, and performance of law enforcement, military, first responders, and sporting enthusiasts. These products include, but are not limited to, apparel, uniforms, footwear, bags, packs, and accessories.

7. 5.11 is the owner of protectable interests in the registered United States trademark FLEX-TAC® and has been using the FLEX-TAC® mark in commerce since at least as early as 2011.

8. On information and belief, defendant BLAUER MANUFACTURING COMPANY, INC. ("BLAUER") is a Massachusetts Corporation that is headquartered in Boston, Massachusetts. On information and belief, BLAUER is a corporation engaged in the business of selling and accessories marketed to similar, if not identical purchasers, including but not limited to law enforcement, fire & emergency, and other public safety personnel. BLAUER has been offering and selling apparel under the FLEXTECH mark, which is strikingly similar to 5.11's FLEX-TAC® mark.

## 5.11's Intellectual Property Rights

9. 5.11 creates products that enhance the safety, accuracy, speed, and performance of law enforcement, military and firefighting professionals. These products include, but are not limited to, apparel, uniforms, footwear, bags, packs

and accessories. The FLEX-TAC® mark is used by 5.11 as a source identifier for a line of apparel having particular fabric performance characteristics.

10. 5.11 has been using the FLEX-TAC® mark in commerce since at least as early as 2011 and consumers readily and singularly associate the FLEX-TAC® mark with 5.11's products.

5. 5.11 diligently protects its intellectual property through, *inter alia,* trademark registrations. 5.11 owns a registered United States trademark for the FLEX-TAC® mark. *See* Exhibit 1.

6. U.S. Trademark Registration No. 4165673 for the FLEX-TAC® mark issued on June 26, 2012, for use in connection with "Fabric sold as an integral component of finished clothing items, namely, pants, shirts, vests; Pants; Shirts; Vests." The FLEX-TAC® mark has been in continuous use in commerce since at least the dates of 5.11's first use as indicated in its registration, through the present day. The FLEX-TAC® mark is prominently affixed to 5.11's apparel. *See* Exhibit 2.

## Defendant's Willful Infringement

7. Defendant is an entity that supplies apparel, such as polos, t-shirts, collared shirts, pants, and shorts to first responders, including law enforcement, fire, and emergency medical personnel. Defendant has been, and continues using the FLEXTECH mark in connection with its pants and shorts, which is strikingly similar to 5.11's FLEX-TAC® mark. *See* Exhibit 3.

8. Defendant is not a 5.11 affiliate, and 5.11 has never authorized Defendant's use of the FLEXTECH or FLEX-TAC® marks. Nonetheless, Defendant has offered and/or is offering identical and closely related goods as those offered by 5.11—namely pants and shorts—while using a mark confusingly similar to 5.11's FLEX-TAC® mark to do so.

9. Defendant has used the FLEXTECH mark to offer, sell and promote its products on the Internet, including, but not limited to, the following website:

www.blauer.com. In many instances, Defendant's infringing FLEXTECH products have been offered by the same online and/or brick and mortar retailers offering 5.11 products, including in this district such as ACE Uniforms, California Uniforms, Inc., and Code 3 Industries, Inc. The Defendant's use of the infringing FLEXTECH mark creates the false impression that 5.11 endorses or otherwise approves the products that Defendant is offering for sale.

10. Defendant's use of the FLEXTECH mark creates the false impression that Defendant and 5.11 are the same entity, associated entities, and/or that 5.11 has somehow sponsored or approved of Defendant's products. The false impression created by Defendant causes confusion among consumers.

11. 5.11 has not authorized or licensed Defendant's use of the FLEXTECH mark. 5.11 does not endorse Defendant's business, or otherwise approve of Defendant's infringing uses of the FLEXTECH mark.

12. On information and belief, Defendant uses the FLEXTECH mark with the intent to mislead consumers into believing that Defendant is a licensed 5.11 affiliate and/or otherwise sponsored or endorsed by 5.11 and with the intent to profit by trading on 5.11's goodwill.

13. Defendant was and is, at all relevant times, aware of 5.11's prior use, ownership, and registration of the FLEX-TAC® mark.

14. Defendant's use of the FLEXTECH mark reflects a deliberate attempt by Defendant—who is in the same industry, selling the same products to the same consumers as 5.11—to make its products appear as if they originate from 5.11 or are otherwise associated or endorsed by 5.11. Defendant's intent is to give its product an instant credibility that is not otherwise warranted, and to confuse the unsuspecting consumer.

15. Defendant's use of the FLEXTECH mark is likely to cause confusion or mistake, or deceive purchasers, potential purchasers, and the relevant consuming public as to the source or sponsorship or approval of Defendant's products, and/or

as to their affiliation with 5.11, and it is thereby causing harm to 5.11's reputation and goodwill.

16. Defendant's use of the FLEXTECH mark in connection with Defendant's goods is likely to cause initial interest confusion or mistake, or initially deceive purchasers, potential purchasers, and the relevant consuming public and trade as to the source or sponsorship or approval of Defendant's products and/or as to their affiliation with 5.11, and is thereby causing harm to 5.11's reputation and goodwill.

17. Defendant's unlawful conduct is causing and will continue to cause harm to 5.11. In particular, consumers who view Defendant's use of the FLEXTECH mark in connection with its products will believe that Defendant's goods are associated with 5.11. This conduct, if not enjoined, will undermine the goodwill that 5.11 has spent years carefully cultivating for its marks.

## FIRST CLAIM

### Trademark Infringement (15 U.S.C. § 1114)

18. 5.11 repeats and realleges the allegations set forth above.

19. This claim is for trademark infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

20. Defendant uses the FLEXTECH mark to promote and sell Defendant's apparel in violation of 5.11's rights in its registered trademark.

21. Defendant's use of the FLEXTECH mark is likely to cause confusion, mistake, and to deceive consumers.

22. Defendant's actions constitute a blatant attempt to confuse the consuming public and to trade off 511's goodwill.

23. Defendant acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade off the efforts and earned goodwill and reputation of 5.11.

///

24. By reason of the foregoing acts of trademark infringement, 5.11 has been injured in an amount not yet ascertained. Further, Defendant has been unjustly enriched by virtue of its deception of consumers and misappropriation of 5.11's goodwill.

25. In addition, as a result of Defendant's acts of infringement, 5.11 suffered and will continue to suffer irreparable harm for which 5.11 has no adequate remedy at law, including damage to 5.11's goodwill. Unless Defendant's acts of infringement are enjoined by this Court, 5.11 will continue to suffer irreparable harm.

26. Defendant's actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to 5.11 of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM

### False Designation of Origin (15 U.S.C. § 1125(a))

27. 5.11 repeats and realleges the allegations set forth above.

28. Defendant's use of FLEXTECH mark in interstate commerce, without 5.11's consent, is a false designation of origin causing a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public. Defendant's conduct has infringed 5.11's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

29. By reason of the foregoing, 5.11 has been injured in an amount not yet fully determined. Further, Defendant has been unjustly enriched by virtue of its deception of consumers and misappropriation of 5.11's goodwill.

30. As a result of Defendant's acts of infringement, 5.11 suffered and will continue to suffer irreparable harm for which 5.11 has no adequate remedy at law, including damage to 5.11's goodwill. Unless Defendant's acts of infringement are enjoined by this Court, 5.11 will continue to suffer irreparable harm.

///

31. Defendant's actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to 5.11 of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM

**California Unfair Competition (Cal. Bus. § 17200 *et. seq.*)**

32. 5.11 repeats and realleges the allegations set forth above.

33. This is a claim for unfair competition, arising under California Business and Professions Code 17200, *et seq*., and California common law.

34. BLAUER's acts of trademark infringement, false designation of origin, and dilution complained of herein constitute unfair competition with 5.11 under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200, *et seq.*

35. 5.11 is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's unfair competition in an amount that is not currently known to 5.11. By reason of Defendant's wrongful acts as alleged in this Complaint, 5.11 has been damaged and is entitled to monetary relief in an amount to be determined at trial.

36. By its actions, Defendant has injured and violated the rights of 5.11 and has irreparably injured 5.11, and such irreparable injury will continue unless Defendant is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, 5.11 demands judgment as follows:

a. Judgment in 5.11's favor on all claims herein;

b. Preliminary and permanent injunctions preventing Defendant from continued infringement of 5.11's intellectual property rights, including infringement of 5.11's registered trademark for FLEX-TAC®;

  c. An accounting of profits and damages resulting from Defendant's false designation of origin and trademark infringement and trebling of such damages under the trademark laws because of the knowing, intentional, willful, and wanton nature of Defendant's conduct;

  d. An award to 5.11 of (a) an amount equal to the actual damages suffered by 5.11 as a result of the infringement of its proprietary trade dress; (b) an amount equal to the profits earned by Defendant as a result of its infringement; (c) an amount equal to three times the monetary award assessed in view of Defendant's willful and wanton infringement; (d) in the alternative as may be elected by 5.11, pursuant to Lanham Act Section 35, 15 U.S.C. § 1117(c), statutory damages for each of Defendant's willful acts of infringement; (e) pre-judgment interest and post-judgment interest; (f) an amount equal to 5.11's reasonable attorney's fees, as an "exceptional" case under 15 U.S.C. § 1117;

  e. An award of punitive damages for intentional and willful acts;

  f. An award of interest, attorney's fees, and costs; and

  g. Such other and further relief as the Court deems proper.

Dated: June 15, 2016      GORDON & REES LLP

              By: /s/ Susan B. Meyer
                 Susan B. Meyer
                 Attorneys for Plaintiff
                 5.11, Inc.

# REQUEST FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, 5.11 hereby demands a jury trial on all issues triable as of right to a jury.

Dated: June 15, 2016                    GORDON & REES LLP

                                        By: /s/ Susan B. Meyer
                                            Susan B. Meyer
                                            Attorneys for Plaintiff
                                            5.11, Inc.

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1113533/26697735v.1